ROBBINS et al. v. ILLINOIS WATCH Co. et al.

(*Circuit Court, N. D. Illinois, N. D.*  January 4, 1892.)

1. PATENTS FOR INVENTIONS—STEM-WINDING WATCH—NOVELTY.
   Reissued letters patent No. 10,631, granted August 4, 1885, to Royal E. Robbins and others for a "stem-winding watch," having a device whereby the shifts from the winding and hands-setting engagements to each other are not effected by the direct force of the push and pull upon the stem arbor, but are brought about by longitudinal movements of the stem arbor, which bring into action light springs arranged to swing the yoke, which carries the winding and setting trains, are not void for want of novelty. *Robbins* v. *Aurora Watch Co.*, 43 Fed. Rep. 521, followed.

2. SAME—INFRINGEMENT.
   Such patent is infringed by a device in which, as in the patented watch, a pivoted yoke is used to effect the engagement of the winding and setting wheels, which yoke is acted upon by two opposing springs, one stronger than the other, the stronger spring being restrained when the winding engagement is to be effected, and being held out of action by pressing the stem arbor inward, and locking it at the innermost position.

3. SAME—SUIT TO RESTRAIN INFRINGEMENT—REISSUE.
   Where an infringing device is constructed in accordance with a junior patent, a reissue of the junior patent, pending a suit to restrain the infringement, does not affect the suit, where no new claims are introduced by the reissue.

In Equity.  Bill by Royal E. Robbins and others against the Illinois Watch Company and others, to restrain an alleged infringement of certain patents.

*Hill & Dixon,* for complainants.

*West & Bond,* for defendants.

BLODGETT, District Judge.  This is a bill in equity, charging defendant with the infringement of reissued patent No. 10,631, issued to complainants August 4, 1885, as assignees of original patent No. 280,709, granted to Duane H. Church July 3, 1883, for a "stem-winding watch, and patent No. 287,001, granted October 23, 1883, to Caleb K. Colby, for an "improvement in stem-winding watch pendants," and praying an

injunction and accounting. Both these patents were before this court, and considered in the light of the prior art as then shown, in *Same Complainants* v. *Aurora Watch Co.*, 43 Fed. Rep. 521, in which case the Church reissued patent was held valid, and the case dismissed as to the Colby patent, on the ground of noninfringement.

Infringement is charged in this case as to the first, third, fourth, fifth, and sixth claims of the Church reissue, which claims are:

"(1) As an improvement in stem winding and setting watches, a winding and hands-setting train, which is adapted to be placed in engagement with the winding wheel or the dial wheel by the longitudinal movement of a stem arbor that has no positive connection with said train, substantially as and for the purpose specified."

"(3) As an improvement in stem winding and setting watches, a winding and hands-setting train, which is adapted to be placed in engagement with the winding wheel or the dial wheels by the longitudinal movement of a stem arbor, and is normally in engagement with said dial wheels, substantially as and for the purpose set forth.

"(4) As an improvement in stem winding and setting watches, a winding and hands-setting train, which is normally in engagement with the dial wheels, in combination with a rotatable stem arbor that has no positive connection with said train, and is adapted to be moved longitudinally within the case stem, to cause said winding and hands-setting train to engage with the winding wheel, and to be simultaneously disengaged from said dial wheels, substantially as and for the purpose shown and described.

"(5) As an improvement in stem winding and setting watches, a winding and hands-setting train, which is normally in engagement with the dial wheels, in combination with a rotatable longitudinally movable stem arbor that has no positive connection with the watch movement, and when moved longitudinally to the inner limit of its motion will cause said winding and setting train to be disengaged from said dial wheels and engaged with the winding wheel, and when moved longitudinally to the outer limit of its motion will permit said train to be disengaged from said winding wheel and engaged with said dial wheels, substantially as and for the purpose specified.

"(6) As an improvement in stem winding and setting watches, the combination of a winding and hands-setting train, which is normally in engagement with the dial wheels, a stem arbor, having no positive connection with said train, and an intermediate device, which is adapted to communicate the longitudinal inward movement of said stem arbor to said winding train, and cause the same to engage with the winding wheel, substantially as and for the purpose shown and described."

As to the Colby patent, it is sufficient to say that the same defenses are made against it in the record in this case that were urged against it in the *Aurora Company Case*, and the complainants did not press the consideration of that patent in this case.

The scope and operation of the Church invention was so fully explained in the opinion in the *Aurora Company Case* that I do not deem it necessary to repeat here what I there said. The defendants in this case challenge the Church patent for want of novelty, and also deny the infringement, as in the *Aurora Company Case*, and have put in all the testimony upon the question of novelty which was heard in that case, and, in addition to the evidence submitted in that case on the issue of want of novelty, defendants have put into this case other Amer-

ican and English patents, as follows: McNaughton & Fitzgerald patent of September, 1874; Leforte patent of April 6, 1880; Mueller patent of January 28, 1881; Hoyt patent of August 7, 1878; Hillick patent of March 9, 1880; Jacot patent of September 27, 1864; Norden patent of August 17, 1869; Montandon patent of January 28, 1873; Whittaker patent of November 13, 1877; Powell English patent, 1871; Whittaker English patent of 1875; Mitchell & Gartner patent of 1856. A careful study of these additional patents, as well as a re-examination of those considered in the former case, has failed to change the conclusion announced in that case as to the novelty and validity of the device covered by the Church patent as reissued. There is therefore no question left in this case but that of infringement.

A comparison of the Church patent with the defendants' watches, shown in evidence, and a consideration of the expert testimony in the case, satisfies me that the defendants' watches embody all the essential elements of the Church watch, as covered by this reissued patent. Both use a pivoted yoke to effect the engagement of the winding and setting wheels. In each case this yoke is acted upon by two opposing springs, one to obtain the winding, and the other the setting, engagement. In both the spring producing the setting engagement is the stronger of the two; hence, when they are equally free to act, this stronger spring controls the action of the train, and automatically puts it into setting engagement. In other words, the watch would normally be in setting engagement if these two springs were left to the operation of their respective forces. In each watch the winding engagement is effected by restraining the action of the stronger spring, and allowing the weaker one only to act without restraint. In both watches this stronger spring is held out of action by pressing the stem arbor inward, and locking it at the innermost position. In both the restraining force upon the stronger spring is applied by means of a short pin or nib upon the sliding stem arbor, and in each the inward movement of the stem arbor bends and holds the strong spring from its normal work, and the withdrawal of the stem arbor releases this spring, so that it at once brings the train into setting engagement. It is true that in defendants' watch there are some slight changes in the shape and location of the operative parts, and by reason of these changes intermediate levers and pins are interposed at some points, and dispensed with at others, to effect the connections and movements of the operative parts, which, as I think, is quite tersely stated by the complainants in their brief: "The operative parts of each watch receive power from the same source, under the same conditions, transmit it to the same destination for the same purpose, and with the same result."

The defendants' watch, so far as the features in question are concerned, is constructed in accordance with a patent granted to T. F. Sheridan, January 3, 1888. Since this suit was brought, a reissue of this patent has been applied for and obtained. No new claims are introduced by the reissue, and the only object of the reissue seems to have been to change the description and object of the devices shown.

I do not see how this reissue can affect the issues in this suit, or protect the defendant in the manufacture or sale of such watches as are shown in evidence to be the product of the defendant company. The specifications, as amended by the reissue, show how a lever-set watch may be constructed as one form of the Sheridan device, but, as defendants' right to make a lever-set watch is not in question here, it does not seem necessary to consider or pass upon this feature of the case.

A decree may therefore be entered, finding that defendant the Illinois Watch Company has infringed the claims of the Church patent, as charged, and that complainant is entitled to an injunction and accounting, and that the bill be dismissed for want of equity as to the Colby patent, on the ground of non-infringement, and also dismissing the bill for want of equity as to the individual defendants Jacob Bunn, George A. Bates, and George C. Gubbins.